UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> Los Primos Mexican Restaurant, LLC, and Juana Martinez, individually. <br>  Defendants | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) 22-cv-02478 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Los Primos Mexican Restaurant, LLC ("Los Primos Mexican Restaurant") and Juana Martinez (collectively, "Defendants") from violating Sections 206, 207, and 211 of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from December 28, 2019 through February 25, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3. Defendant Los Primos Mexican Restaurant is a Limited Liability Company within this Court's jurisdiction with an office at 2006 Old US Hwy 81, Bellville, Kansas, where it conducts business.

4. Los Primos Mexican Restaurant is a restaurant that cooks and serves made to order Mexican food for dine-in or takeout.

5. Defendant Juana Martinez has actively managed and supervised Los Primos Mexican Restaurant's operations and its employees during the Investigation Period. Among other things, Juana Martinez has hired and fired employees, set their work schedules, and set their pay rates.

6. Juana Martinez has acted directly or indirectly in Los Primos Mexican Restaurant's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Republic County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8. Los Primos Mexican Restaurant is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Los Primos Mexica Restaurant is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

10. Defendants repeatedly violated sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Total compensation, which includes meal credit, for salaried and hourly tipped employees divided by the reconstructed hours worked was routinely below the minimum wage. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

11. Defendants also repeatedly violated sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Employees were either paid a flat salary for all hours worked or paid an hourly rate, but only for the first 40 hours with no additional payment for the hours worked over 40. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

12. Defendants violated sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Employees did not use the time clock at the restaurant, and Defendants could not produce handwritten logs of time keeping records. Defendants failed to accurately record total premium pay for overtime hours as required under 29 C.F.R § 516.2(a)(9).

**Remedies Sought**

13. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

14. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

15. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

16. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

**Prayer for Relief**

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating sections 206, 207, 211, 215(a)(2), 215(a)(5), and 215(a)(9) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

 /s/ Traci Martin
Traci Martin
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
(816)285-7272
Martin.Traci.E@dol.gov
**Bar No. 24284**

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

# EXHIBIT A

1. Guitierrez Rodriguez, Jose
2. Herrera Fernandez, Ricardo
3. Macias Delgado, Mauricio
4. Onate Martinez, Raymundo
5. Onate Palmino, Hector
6. Rodriguez, Jose Luis
7. Rodriguez, Jose Ramon
8. Solis, Luis
9. Solis Leon, Yeizon
10. Vargas Pacheco, Carlos